J. George Follett, J.
A petition was filed for the education of the above-named physically handicapped child for transportation costs from Parishville Hopkinton Central School to Madison Elementary School in Massena for the 1974-1975 school year. Total transportation costs requested are $10,221 or $56.78 per day. Preapproval of the application of the petition was obtained from the Division for Handicapped Children, State Education Department, Albany, New York. The Director of the St. Lawrence County Physically Handicapped Children’s Program objects to the petition on several grounds.
The first objection is that the child in question is so retarded that he cannot benefit at this stage of development from an educational program. It is argued that a child of less *741 than a 50 IQ is uneducable and should more appropriately be left in his own home cared for by his mother and not subjected to a 30-mile trip twice a day for a meaningless experience.
This case seems to fall squarely within subdivision 2 of section 4406 of the Education Law. That section requires a school district to provide educational services for children who have an IQ less than 50. Subdivision 3 of section 4402 requires the State Department of Education to formulate regulations implementing article 89 of the Education Law relating to handicapped children. The regulations promulgated by the Commissioner of Education require the establishment of a committee on handicapped children within each school district. (8 NYCRR 200.2.) Children who are required to be educated in such a program must be determined to fall more than "three standard deviations below the mean of the general population and who, in the considered judgment of the committee on the handicapped, cannot profit from programs established for the educable mentally retarded, but may be expected to profit from a special education program for the trainable.” (8 NYCRR 200.3 [b] [3] [ii].)
It is not clear whether the Parishville Hopkinton School District Committee on the Handicapped met to determine the initial needs of the child in this case for special educational services. No proof is offered at the time of the hearing that such a meeting took place before the filing of the petition for the 1974-1975 school year. However, Exhibit 9 introduced in evidence is the original minutes of a meeting of the committee held on April 25, 1975 in which it was determined that "John Young should be left in the home school situation he is presently in. We feel that John should continue at Madison Elementary School in Massena, New York.” The court will consider the minutes of the meeting of April 25, 1975 as being a determination by the Committee for the Handicapped of Parishville Central School in relation to the educational needs of John Young.
Furthermore, the testimony adduced at the time of the hearing clearly supports the decision of the committee. There is substantial evidence that the child has benefited from the educational program and can be expected to benefit in the future.
This court would have no power to overrule the decision for the Committee of the Handicapped unless there is some *742 showing that the committee has abused its discretionary power. In this case, there is no such showing. Therefore, the objection of the County of St. Lawrence that the child cannot benefit from the special education program must be denied.